IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENTRELL HILL                                                             PLAINTIFF

          v.                    Civil No. 1:08-cv-01091

EVAN ZEEK, Police Officer,
Camden Police Department;
ROMERO SCRUGGS, Former Police
Officer, Camden Police Department                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Kentrell Hill (hereinafter Hill), an inmate of the Arkansas Department of Correction, Cummins Unit, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Hill's complaint was  provisionally filed subject to a later determination of whether his *in forma pauperis* (IFP) application should be granted.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

### Background

In his complaint, Hill alleges his rights were violated on or about November 17, 2004, when he was arrested at his sister's home by Officer Scruggs and Officer Zeek.  When Hill asked what he was being arrested for, he was told on a "delivery" warrant and that Officer Zeek was in charge.  Hill alleges his pockets were searched and his money removed.

When Officer Scruggs radioed into the Camden Police Department to tell them that they had Hill on the "delivery" warrant, Hill states Zeek and Scruggs were told there was no delivery warrant only minor traffic violations.  Despite this, Hill alleges Zeek told Scruggs that he must have a warrant on his desk back at the station.  Hill states he was taken in and placed in a holding cell where he remained for thirty minutes.

After thirty minutes, Hill states he learned Zeek did not have a warrant for him. Zeek then allegedly attempted to question Hill about a drug sale but Hill stated he didn't know what Zeek was talking about. Zeek and Scruggs then turned Hill over to the Ouachita County Sheriff's Office to be locked up where Hill states he remained on earlier charges.

### Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed *in forma pauperis*, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained *in forma pauperis* (IFP) status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to Hill.  He has three previous actions that qualify as strikes against him under section 1915(g).  *See e.g., Hill v. Reyes, et al.*, Civil No. 1:08-cv-01035 (dismissed as frivolous on 11/5/2008); *Hill v. Rent-Way, Inc., et al.,* Civil No. 4:08-cv-00199 (E.D. AR-dismissed as frivolous on 3/18/2008); *Hill v. Morgan, et al.,* Civil No. 5:92-cv-00566 (E.D. AR--dismissed as frivolous on 10/29/1992).[1]

There is no allegation in this case that Hill is currently under imminent danger of serious physical injury.  *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[2]  Therefore, Hill is not eligible for IFP status.

This case is also subject to dismissal because it is barred by the statute of limitations.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations."  *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case).  In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Thus, any claims based on events that occurred in 2004, would be barred by the statute of limitations.  *See e.g., Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81

---

[1] Dismissals of cases as frivolous prior to the PLRA's enactment count towards the three strikes rule.  *See e.g., Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C. Cir. 2000); *Keener v. Pennsylvania Bd. of Probations & Parole*, 128 F.3d 143 (3d Cir. 1997).

[2] In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."  *Id.* at 717.

(8th Cir. 1992)(any claim for constitutional violation arising out of allegedly false arrest was subject to three-year Arkansas limitations statute for general personal injury).

**Conclusion**

Accordingly, I recommend that Hill's IFP application be denied pursuant to 28 U.S.C. § 1915(g). Further, I recommend that this case be dismissed on the grounds that the claims are barred by the statute of limitations and therefore fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).

In addition, Hill should be precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Kentrell Hill seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Hill has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**Hill has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hill is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of April 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE