IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENTRELL HILL                                                                           PLAINTIFF

V.                                    CASE NO. 08-CV-1091

EVAN ZEEK, Police Officer,
Camden Police Department;
ROMERO SCRUGGS, Former Police
Officer, Camden Police Department                                                      DEFENDANTS

## ORDER

Before this Court is a report and recommendation filed on April 15, 2009, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 7). Plaintiff, Kentrell Hill, provisionally filed this civil rights action, subject to obtaining *in forma pauperis* (IFP) status, against the named Defendants pursuant to 42 U.S.C. § 1983. Judge Bryant recommends that Plaintiff's IFP status be denied because Plaintiff has already had three § 1983 claims dismissed because they were frivolous, malicious, or failed to state a claim. Judge Bryant also recommends that Plaintiff's § 1983 claim be dismissed because it is barred by the statute of limitations. Plaintiff Hill has responded with timely objections. (Doc. 8). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

In his Objections to the Report and Recommendation, Hill states that his IFP status should not be dismissed because there have not been three cases dismissed either as frivolous, malicious, or for failing to state a claim. (Doc. 8, pg. 1). Furthermore, Hill prays that this Court

allow his § 1983 action because he has met the requirements under § 1983.  (Doc. 8, pg. 1).

Judge Bryant correctly states that Hill has violated the "three strikes rule" and that his action is

barred by the statute of limitations.

>   In no event shall a prisoner bring a civil action … under this section if the prisoner
>   has, on three or more prior occasions, while incarcerated or detained in any
>   facility, brought an action … in a court of the United States that was dismissed on
>   the grounds that it is frivolous, malicious, or fails to state a claim upon which
>   relief may be granted, unless the prisoner is under imminent danger of serious
>   physical injury.

With respect to Hill's first claim, that his IFP status not be denied because he has not had three claims dismissed as frivolous, Judge Bryant correctly stated:

28 U.S.C. § 1915(g).  This is the provision known as the "three strikes rule" and has been found to be constitutional.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  Hill has had three civil actions dismissed as frivolous while being incarcerated.  *See Hill v. Reyes, et al.*, Civil No. 1:08-cv-01035 (W.D. Ark.-dismissed as frivolous on Nov. 5, 2008); *Hill v. Rent-Way, Inc., et al.*, Civil No. 4:08-cv-00199 (E.D. Ark.-dismissed as frivolous on March 18, 2008); *Hill v. Morgan, et al.*, Civil No. 5:92-cv-00566 (E.D. Ark.-dismissed as frivolous on Oct. 29, 1992). Also, Hill has not made a argument that he is in imminent danger of serious physical harm that would allow him to make his § 1983 claim.   Therefore, Judge Bryant correctly concluded that Hill is not eligible for IFP status per the "three strikes rule."

With respect to Hill's second claim, that his § 1983 claim is not barred by the statute of limitations, Judge Bryant correctly concluded that Hill's claims are barred by the applicable statute of limitations.  Section 1983 does not contain its own statute of limitation, but allows causes of actions under § 1983 to be governed by "the most appropriate or analogous state statute

of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987); *Wilson v. Garcia*, 471 U.S. 261, 268 (1985); *Bell v. Fowler*, 99 F.3d 262, 265-66 (8th Cir. 1996). The applicable statute of limitations in Arkansas, for claims under § 1983, is three years. *See* Ark. Code Ann. § 16-56-103(3) (2005); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(holding that Ark. Code Ann. § 16-56-103(3) was the applicable statute of limitation for § 1983 cases). The events that gave rise to the current action took place in 2004, thus the present action is barred because it was not brought within the applicable time period.

## CONCLUSION

For the reasons discussed herein and above, as well as those stated in Judge Bryant's Report and Recommendation, (Doc. 7), Kentrell Hill's IFP application is **DENIED**. Also, Kentrell Hill's § 1983 action is **DISMISSED**. The Court also adopts Judge Bryant's proposed order, which states:

> The clerk of this court is directed to provisionally file any new action in which Kentrell Hill seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal one or habeas one, and, if Hill has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend IFP status be denied.

IT IS SO ORDERED, this 22nd day of December, 2009

/s/ Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge